# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. RICE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:19-cv-00445-SPM |
| | ) |
| RICHARD JENNINGS, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Michael D. Rice's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, petitioner will be ordered to amend his petition on a Court-provided form.

### Background

Following a jury trial, petitioner was convicted of forcible rape, forcible sodomy, kidnapping, and second-degree assault. *State of Missouri v. Rice*, No. 1122-CR05246-01 (22nd Jud. Cir., St. Louis City).[1] On September 27, 2013, he was sentenced to two consecutive life terms, plus twenty-two years. Petitioner filed a notice of appeal on October 1, 2013. The Missouri Court of Appeals affirmed the judgment on December 6, 2014. *State of Missouri v. Rice*, No. ED100578 (Mo. App. 2014). Petitioner did not file a motion to transfer to the Missouri Supreme Court.

Petitioner filed a motion to set aside pursuant to Missouri Supreme Court Rule 29.15 on February 26, 2015. *State of Missouri v. Rice*, No. 1522-CC00653 (22nd Jud. Cir., St. Louis City). The motion was denied on May 1, 2017. Petitioner filed a notice of appeal on June 2, 2017. The Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on March 27,

---

[1] Petitioner's state criminal case was reviewed on Case.net, Missouri's online case management system.

2018. *State of Missouri v. Rice*, No. ED105634 (Mo. App. 2018). The Court of Appeals issued its mandate on April 18, 2018.

Petitioner filed the instant petition for writ of habeas corpus on March 8, 2019, by placing it in the prison mailing system.[2] (Docket No. 1 at 14).

## Discussion

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is deficient in two respects. First, petitioner has neglected to set forth any grounds for relief. Second, petitioner's petition appears to be time-barred.

### A. Grounds for Relief

Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts requires petitioner to "specify all grounds for relief available to the petitioner" and to "state the facts supporting each ground." Petitioner is also required to demonstrate that he has exhausted his state remedies. *See White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) ("It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court").

Petitioner filed his § 2254 petition on a Court form. This form provides a section for petitioner to assert his grounds for relief. This form also directs petitioner to provide facts supporting his grounds for relief, and to demonstrate that he has exhausted his state remedies. Petitioner has left this section almost entirely blank. For "ground one," petitioner writes only "N/A," which is a common abbreviation for "not applicable." (Docket No. 1 at 5). He does not provide any other grounds, he does not provide any supporting facts, and he does not make any attempt to show that he has exhausted his state remedies.

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

Petitioner's assertion of "N/A" does not supply a ground for relief, as it does not show that he is being held "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Moreover, since he has not provided any grounds for relief, it is not possible to determine whether he has exhausted those grounds in state court. Therefore, petitioner has failed to demonstrate that he is entitled to relief pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**B. Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See* Mo. S.Ct. R. 83.02 ("Application by a party for such transfer shall be filed within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

Petitioner's direct appeal was affirmed on December 16, 2014. He did not file a motion to transfer. Thus, his time for seeking direct review in the Missouri Supreme Court expired on

3

December 31, 2014, fifteen days after the Court of Appeals affirmed his judgment. As such, December 31, 2014 is the day that petitioner's one-year statute of limitations period began running.

Petitioner did not file a state post-conviction motion until February 26, 2015. The period of time "between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003).

As noted above, petitioner's judgment became final on December 31, 2014. He filed his state post-conviction motion on February 26, 2015. The fifty-seven (57) days between December 31, 2014 and February 26, 2015 counts against petitioner's one-year statute of limitations.

The AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).

Petitioner filed his state post-conviction motion on February 26, 2015. At that point, the one-year statute of limitations period was tolled pending the outcome of his post-conviction proceedings. The Court of Appeals issued its mandate on April 18, 2018, at which point

petitioner's post-conviction action became final. The period between February 26, 2015 and April 18, 2018 does not count against petitioner's one-year statute of limitations.

On April 18, 2018, petitioner's limitations period began running again. At this point, fifty-seven (57) days had already elapsed, which is the time period between the judgment becoming final on direct review, and petitioner's filing of his state post-conviction action. This left petitioner with a balance of three-hundred-eight (308) days from April 18, 2018 in which to file his federal habeas petition. In other words, petitioner needed to file his petition by February 20, 2019. However, petitioner did not place his petition in the prison mail system until March 8, 2019, sixteen days after the limitations period expired. Therefore, his petition appears time-barred.

**C. Order to Amend**

As discussed above, petitioner has not provided any grounds for relief, and his petition appears to be time-barred. Therefore, the Court will order him to amend his petition on a Court-provided § 2254 form. Petitioner is directed to fill out the form, sign it, and return it to the Court. In completing the form, petitioner should follow the directions contained therein. Specifically, he must allege his grounds for relief and provide facts to support each ground. He is cautioned that only those grounds that he has exhausted in state court will be allowed to proceed in federal court. That is, the grounds he presents in his § 2254 petition must be the same as those he presented to the Missouri Appellate Courts in his direct appeal and the appeal on his Rule 29.15 motion. Petitioner is also cautioned that if he fails to assert all grounds for relief, he may be barred from presenting additional grounds at a later date.

Petitioner should also complete the portion of the § 2254 form that addresses the timeliness of his petition. In particular, he needs to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition.

### D. Motion for Leave to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the financial information submitted in support of the motion, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to petitioner a form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that petitioner shall amend his petition on the Court-provided form in compliance with the directions in the court order, and return the signed amended petition within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this order, his action will be summarily dismissed.

.

                                                SHIRLEY PADMORE MENSAH
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2019.