UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. RICE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:19-cv-00445-SNLJ ) |
| RICHARD JENNINGS, | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Michael D. Rice's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 7). For the reasons discussed below, petitioner will be ordered to show cause why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

### Background

Following a jury trial, petitioner was convicted of forcible rape, forcible sodomy, kidnapping, and second-degree assault. *State of Missouri v. Rice*, No. 1122-CR05246-01 (22nd Jud. Cir., St. Louis City).[1] On September 27, 2013, he was sentenced to two consecutive life terms, plus twenty-two years. Petitioner filed a notice of appeal on October 1, 2013. The Missouri Court of Appeals affirmed the judgment on December 16, 2014. *State of Missouri v. Rice*, No. ED100578 (Mo. App. 2014). Petitioner did not file a motion to transfer to the Missouri Supreme Court.

Petitioner filed a motion to set aside pursuant to Missouri Supreme Court Rule 29.15 on February 26, 2015. *State of Missouri v. Rice*, No. 1522-CC00653 (22nd Jud. Cir., St. Louis City).

---

[1] Petitioner's state criminal case was reviewed on Case.net, Missouri's online case management system.

The motion was denied on May 1, 2017. Petitioner filed a notice of appeal on June 2, 2017. The Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on March 27, 2018. *State of Missouri v. Rice*, No. ED105634 (Mo. App. 2018). The Court of Appeals issued its mandate on April 18, 2018.

Petitioner filed his original petition for writ of habeas corpus on March 8, 2019, by placing it in the prison mail system. (Docket No. 1 at 14).[2] On March 27, 2019, the Court granted petitioner's motion to proceed in forma pauperis. (Docket No. 5). The Court further ordered petitioner to file an amended complaint, because his original complaint contained no grounds for relief, and appeared to be time-barred. Petitioner was directed to provide his grounds for relief and to demonstrate that his petition was timely. He was given thirty days in which to comply. Petitioner filed an amended petition on April 16, 2019, by placing it in the prison mailing system.

### The Amended Petition

Petitioner's amended petition contains two grounds for relief. First, he alleges that the trial court erred in rendering a verdict for the crime of second-degree assault because the evidence was insufficient to support a conviction. (Docket No. 7 at 5). Second, he asserts that his appellate counsel failed to raise a meritorious claim that the trial court wrongly allowed propensity evidence into the trial. (Docket No. 7 at 6). He states that both these claims have been exhausted in state court.

Regarding the timeliness of his petition, petitioner states that his "mail was not delivered to [him] based on prison neglect, interference, or outright abandonment of duty." (Docket No. 7

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

2

at 13). Because of this, he alleges that he did not receive notification of the state appellate court's decision until late November 2018.

Petitioner has attached a letter from his attorney, which is dated October 12, 2018. (Docket No. 7 at 16). In the letter, the attorney states that he is aware that petitioner did not receive the letters sent in April 2018 advising him that the Eastern District Court of Appeals had ruled against him. The attorney further advises that the "clock started ticking again on April 17, 2018, with the issuance of the mandate," and that petitioner should prepare his § 2254 petition "quickly and get it filed." The attorney states that he has enclosed a blank § 2254 form for this purpose.

## Discussion

The Court ordered petitioner to file an amended complaint that included his proposed grounds for relief and addressed the issue of timeliness. Petitioner has duly filed an amended complaint that includes his grounds for relief and an assertion that these grounds were exhausted. The amended petition does not, however, adequately address the statute of limitations issue. Specifically, petitioner has not established that his petition is timely under 28 U.S.C. § 2244(d)(1). As such, petitioner will be directed to show cause as to why his petition should not be dismissed as time-barred.

### A. Timeliness

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one

3

year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 83.02 ("Application by a party for such transfer shall be filed within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

Petitioner's direct appeal was affirmed on December 16, 2014. He did not file a motion to transfer. His time for seeking direct review in the Missouri Supreme Court expired on December 31, 2014, fifteen days after the Court of Appeals affirmed his judgment. Thus, December 31, 2014 is the day that petitioner's one-year statute of limitations period began running.

Petitioner did not file a state post-conviction motion until February 26, 2015. The period "between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003). As such, the fifty-seven (57) days between the date that petitioner's judgment became final on

4

December 31, 2014, and the date that petitioner filed his state post-conviction motion on February 26, 2015, counts against petitioner's one-year statute of limitations.

The AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).

Petitioner's state post-conviction motion was pending from February 26, 2015, the date it was filed, until April 18, 2018, the date the mandate was issued by the Missouri Court of Appeals. This period does not count against petitioner's one-year statute of limitations.

On April 18, 2018, petitioner's limitations period began running again. At this point, as noted above, fifty-seven (57) days had already elapsed between the judgment becoming final on direct review, and petitioner's filing of his state post-conviction action. This left petitioner with a balance of three-hundred-eight (308) days from April 18, 2018 in which to file his federal habeas petition. In other words, petitioner needed to file his petition by February 20, 2019 to be timely. However, petitioner did not place his petition in the prison mail system until March 8, 2019, sixteen days after the limitations period expired.

Petitioner states that the mail informing him that the Missouri Court of Appeals had affirmed the denial of his post-conviction motion did not reach him until November 2018. As such, he believes he is entitled to equitable tolling.

5

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner's assertion that he did not learn until "late November 2018" that his state court appeal had been decided does not, in and of itself, entitle him to equitable tolling. That is, at the time petitioner learned his state appeal was over, he still had from "late November 2018" until February 20, 2019 to timely file his petition. He also acknowledges that his attorney advised him that he needed to prepare his petition quickly and get it filed. Thus, petitioner has not demonstrated that he has pursued his rights diligently.

### B. Order to Show Cause

As discussed above, it appears that the instant petition was filed after the expiration of the one-year statute of limitations. Before dismissing a habeas action as time-barred, however, the Court must provide notice to the petitioner and accord him an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Therefore, the Court will order petitioner to show cause, in writing and no later than **thirty (30) days** from the date of this order, why this action should not be dismissed as untimely.

### C. Motion for a Hearing

In his amended petition, petitioner requests "a hearing to develop facts for the proper determination of whether or not [he is] entitled to equitable tolling. The Court has construed this

6

as a motion for a hearing. The motion will be denied. As noted above, petitioner is being directed to show cause in writing why his amended petition should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for a hearing is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing within **thirty (30) days** of the date of this order as to why the Court should not dismiss his amended petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that petitioner's failure to comply with this order will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

Dated this 23rd day of May, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE