UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. RICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19-cv-00445-SNLJ |
| ) | |
| RICHARD JENNINGS, ) | |
| ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the response of petitioner Michael D. Rice to the Court's May 23, 2019 order to show cause. (Docket No. 9). The Court had ordered petitioner to show cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. (Docket No. 8). Having reviewed petitioner's response, and for the reasons discussed below, the Court must deny and dismiss the petition as untimely.

**Background**

Following a jury trial, petitioner was convicted of forcible rape, forcible sodomy, kidnapping, and second-degree assault. *State of Missouri v. Rice*, No. 1122-CR05246-01 (22nd Jud. Cir., St. Louis City).[1] On September 27, 2013, he was sentenced to two consecutive life terms, plus twenty-two years. Petitioner filed a notice of appeal on October 1, 2013. The Missouri Court of Appeals affirmed the judgment on December 16, 2014. *State of Missouri v. Rice*, No. ED100578 (Mo. App. 2014). Petitioner did not file a motion to transfer to the Missouri Supreme Court.

---

[1] Petitioner's state criminal case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Petitioner filed a motion to set aside pursuant to Missouri Supreme Court Rule 29.15 on February 26, 2015. *State of Missouri v. Rice*, No. 1522-CC00653 (22nd Jud. Cir., St. Louis City). The motion was denied on May 1, 2017. Petitioner filed a notice of appeal on June 2, 2017. The Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on March 27, 2018. *State of Missouri v. Rice*, No. ED105634 (Mo. App. 2018). The Court of Appeals issued its mandate on April 18, 2018.

Petitioner filed his original petition for writ of habeas corpus on March 8, 2019, by placing it in the prison mail system. (Docket No. 1 at 14).[2] On March 27, 2019, the Court granted petitioner's motion to proceed in forma pauperis. (Docket No. 5). The Court further ordered petitioner to file an amended petition, because his original petition contained no grounds for relief, and appeared to be time-barred. Petitioner was directed to provide his grounds for relief and to demonstrate that his petition was timely. He was given thirty days in which to comply. Petitioner filed an amended petition on April 16, 2019, by placing it in the prison mailing system.

Petitioner's amended petition contained two grounds for relief. First, he alleged that the trial court erred in rendering a verdict for the crime of second-degree assault because the evidence was insufficient to support a conviction. (Docket No. 7 at 5). Second, he asserted that his appellate counsel failed to raise a meritorious claim that the trial court wrongly allowed propensity evidence into the trial. (Docket No. 7 at 6). He stated that both these claims had been exhausted in state court.

Regarding the timeliness of his petition, petitioner stated that his "mail was not delivered to [him] based on prison neglect, interference, or outright abandonment of duty." (Docket No. 7 at

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

13). Because of this, he alleged that he did not receive notification of the state appellate court's decision until late November 2018.

Petitioner attached a letter from his attorney, dated October 12, 2018. (Docket No. 7 at 16). In the letter, the attorney stated that he was aware that petitioner did not receive the letters sent in April 2018 advising him that the Eastern District Court of Appeals had ruled against him. The attorney further advised that the "clock started ticking again on April 17, 2018, with the issuance of the mandate," and that petitioner should prepare his § 2254 petition "quickly and get it filed." The attorney stated that he had enclosed a blank § 2254 form for this purpose.

On May 23, 2019, the Court ordered petitioner to show cause why his petition should not be dismissed as time-barred. (Docket No. 8). In so doing, the Court noted that petitioner's one-year statute of limitations had expired on February 20, 2019. However, petitioner did not place his petition into the prison mail system until March 8, 2019, sixteen days later. The Court further noted that his explanation in the amended petition regarding the late filing did not warrant the application of equitable tolling. The Court ordered petitioner to submit a written response within thirty days as to why his petition should not be dismissed as untimely.

**Petitioner's Response**

Petitioner filed his show cause response on June 7, 2019. (Docket No. 9). In the response, he substantially repeats the explanation contained in his amended petition. That is, he once again states that his attorney sent him a letter dated October 12, 2018. (Docket No. 9 at 2). The letter, which petitioner has attached to his response, advised petitioner that the statute of limitations had begun running again on April 17, 2018, upon the issuance of the mandate by the Missouri Court of Appeals. (Docket No. 9 at 5). The letter further advised petitioner to prepare his 28 U.S.C. §

2254 petition "quickly and get it filed to make sure [it is] timely." The letter also included a blank § 2254 petition for petitioner's use.

Petitioner states that prior to receiving the letter from his attorney, he did not know that the Missouri Court of Appeals had ruled against him. (Docket No. 9 at 4). He further states that by the time he received his attorney's letter, a large portion of his one-year limitations period had already expired. (Docket No. 9 at 3). Specifically, he notes that by the time he learned that his state appeal was over, he had only three or four months in which to file his § 2254 petition, rather than the year to which he asserts he "is entitled." (Docket No. 9 at 4). Petitioner contends that he "is a layman" and has done his best. (Docket No. 9 at 3). He also claims that the late receipt of his attorney's letter constitutes an "extraordinary circumstance [that] stood in his way and prevented him from filing on time." Finally, he states that he has pursued "his rights diligently by having his family aggressively pursue communications and answers from his attorney."

## Discussion

The Court previously ordered petitioner to show cause why his 28 U.S.C. § 2254 petition should not be dismissed as time-barred. Petitioner has duly submitted a written response. Having reviewed the response, and for the reasons discussed below, the Court must deny and dismiss his petition as untimely under 28 U.S.C. § 2244(d)(1).

### A. Timeliness

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from

4

the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 83.02 ("Application by a party for such transfer shall be filed within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

Petitioner's direct appeal was affirmed on December 16, 2014. He did not file a motion to transfer. His time for seeking direct review in the Missouri Supreme Court expired on December 31, 2014, fifteen days after the Court of Appeals affirmed his judgment. Thus, December 31, 2014 is the day that petitioner's one-year statute of limitations period began running.

Petitioner did not file a state post-conviction motion until February 26, 2015. The period "between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003). As such, the fifty-seven (57) days between the date that petitioner's judgment became final on December 31, 2014, and the date that petitioner filed his state post-conviction motion on February 26, 2015, counts against petitioner's one-year statute of limitations.

The AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of the mandate in his post-conviction case, was timely). Thus, the period from February 26, 2015, when petitioner filed his state postconviction motion, until April 18, 2018, the date that the Missouri Court of Appeals issued its mandate, does not count against petitioner's one-year statute of limitations.

When petitioner's statute of limitations began running again on April 18, 2018, fifty-seven (57) days had already elapsed. This left petitioner with a balance of three-hundred-eight (308) days from April 18, 2018 in which to file his federal habeas petition. In other words, petitioner needed to file his petition by February 20, 2019 to be timely. However, petitioner did not place his petition in the prison mail system until March 8, 2019, sixteen days after the limitations period expired. As such, petitioner's petition is untimely, and must be dismissed unless the doctrine of equitable tolling relieves petitioner of the strict application of the statute of limitations.

**B. Equitable Tolling**

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560

U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be an extraordinary circumstance that is beyond the prisoner's control and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Furthermore, the extraordinary circumstance must be external to the petitioner and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012).

Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805. "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

Here, petitioner's main argument is that the Missouri Court of Appeals issued its mandate ruling against him on April 18, 2018, but that he did not learn of this fact until receiving a letter from his attorney dated October 12, 2018, nearly six months later. This apparently came about because petitioner's mail was not forwarded to him when he went to the Potosi Correctional Center. As a result, petitioner states he had just three or four months in which to file his § 2254 petition, rather than a full year. He asserts that this constitutes an extraordinary circumstance.

7

A significant delay in delivering a prisoner his mail can amount to an extraordinary circumstance supporting equitable tolling. *See Martin v. Fayram*, 849 F.3d at 698. However, assuming that petitioner has identified an extraordinary circumstance, he has still failed to demonstrate that he pursued his rights diligently.

In its order to show cause, the Court noted that even after receiving belated notice of the outcome of his state appeal, petitioner had sufficient time in which to file his § 2254 petition. Despite being given the opportunity to present an explanation, petitioner's show cause response fails to address why, after receiving his attorney's October 12, 2018 letter, he waited to file his petition until March 8, 2019. In other words, he has not provided a reason for his inability to file his petition by the February 20, 2019 deadline.

As petitioner acknowledges, he still had "three (3) or four (4) months" after receiving his attorney's letter in which to file. Moreover, the attorney's letter explicitly warns petitioner that his § 2254 petition needs to be "prepared quickly and…filed to make sure it[']s timely." The letter further indicates that a blank § 2254 form was provided to petitioner. Petitioner does not explain his inability to file a § 2254 petition in the time he had remaining. That is, he does not point to any obstacles preventing him from filing in the three to four months he had left. Certainly, in light of his attorney's warning, he was on notice that he needed to file in an expeditious manner. Petitioner suggests that he diligently pursued his rights "by having his family aggressively pursue communications and answers from his attorney." Again, this does not answer the question of why, after receiving his attorney's October 12, 2018 letter, he was unable to file his petition in the three or four months he admits he had remaining in his limitations period.

Petitioner does point out that he is a layman and did "the best" that "an incarcerated layman can do." Nevertheless, a petitioner's pro se status, lack of legal knowledge, or lack of legal

8

resources is inadequate to warrant equitable tolling. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Equitable tolling, as noted above, provides "an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805. Petitioner has the burden of demonstrating that grounds exist for the application of the doctrine. *See Pace*, 544 U.S. at 418. Here, petitioner has not proven that he is entitled to equitable tolling. While he has shown that his mail was delayed, he has not established that the delay made it impossible for him to file his § 2254 petition. In particular, petitioner has admitted that he received a letter from his attorney three or four months before the expiration of his one-year limitations period. The letter advises him to file his § 2254 petition quickly, lest it be time-barred. Petitioner presents no reason why, if he was reasonably diligent following this letter, he could not have timely filed his petition in that period of time.

### C. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases for the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it is plainly apparent that petitioner's case is time-barred, as his petition was filed sixteen days after the expiration of the limitations period. Moreover, petitioner's response to the Court's order to show cause does not establish that equitable tolling is applicable to his case. Therefore, the Court must deny and dismiss the petition pursuant to 28 U.S.C. § 2244(d)(1)(A).

### D. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing

that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's amended petition for writ of habeas corpus (Docket No. 7) is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 22d day of November, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE